**Jian Shin CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40961.

United States Court of Appeals, Second Circuit.

June 24, 2005.

Gary J. Yerman, New York, NY, for Petitioner.

James M. Coombe, Assistant United States Attorney, Southern District of Ohio (Gregory G. Lockhart, United States Attorney, on the brief) Cincinnati, OH, for Respondent.

Present: MINER, STRAUB, Circuit Judges, and KEENAN,* District Judge.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition is DENIED.

Chen, a national of the People's Republic of China and a native of the Zhejiang Province, entered the United States without permission in May 2000. Chen was served with a Notice to Appear on June 15, 2000, and was charged with removability. Chen conceded removability, but sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), based on Chen's alleged fear of arrest and detention for having married and sired a child before his then-wife [1] reached the legal age of majority. Chen's application was heard before Immigration Judge William F. Jankun ("IJ"), who, on May 28, 2002, denied it based principally upon the IJ's finding that Chen's claims of past persecution and fears of future persecution were based entirely on Chen's own testimony, which the IJ found lacked credibility.

Chen timely appealed to the Board of Immigration Appeals ("BIA"). In a *per curiam* Order dated October 29, 2003, the BIA summarily affirmed the IJ's decision. Chen now petitions us for review of that BIA decision.[2] We assert jurisdiction under 8 U.S.C. § 1252(b) and deny the petition.

Because the BIA affirmed the IJ's decision without discussion, we review directly the IJ's decision. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the determination of facts reached by the IJ for substantial evidence, reversing "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). The IJ based his decision principally upon a credibility determination. "When a factual challenge pertains to a credibility finding made by an IJ ... we afford particular deference in applying the substantial evidence standard, mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhang v. United States INS*, 386 F.3d 66, 73 (2d Cir.2004) (internal quotation marks and ci-

---

* The Hon. John F. Keenan, United States District Judge, Southern District of New York, sitting by designation.

1. Chen acknowledges that this marriage was never officially registered. In any event, Chen alleges that in the summer of 2003 the marriage was ended by divorce.

2. Subsequent to the BIA's October 2003 Order, Chen married Yee Nor Kwok, a United States Citizen. Weeks later, Chen moved the BIA to reopen his case in order to entertain an application for change of status. In a *per curiam* Order dated May 26, 2004, the BIA denied that motion based on its finding that Chen had "not met the requirement that he provide clear and convincing evidence indicating a strong likelihood that the marriage is bona fide." Because that Order is not before us on the present petition, we express no view on its merits.

tations omitted). However, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review. The BIA must give specific, cogent reasons for rejecting the petitioner's testimony, and we will reverse where the adverse credibility determination is based upon speculation or upon an incorrect analysis of the testimony." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (internal quotation marks and citation omitted).

■ The IJ's credibility determination was based primarily on inconsistencies in Chen's testimony and on inconsistencies between Chen's testimony and the State Department's country report on China. In particular, the IJ found (i) that Chen had not been consistent in describing his confrontations with police; and (ii) that Chen's allegations that his safety and freedom had been threatened by Chinese officials because he had been married to and fathered a child with a woman who had not yet reached the age of majority was not credible in light of the State Department's report, which describes, at worst, fines for such actions.[3] We find no error in the IJ's use of the country report in this case. We further find that the record as a whole did not compel the IJ to conclude either that Chen has suffered past persecution or that he has a reasonable fear of future persecution. *See Zhang,* 386 F.3d at 73.

■ For the first time on this appeal, Chen claims that he also fears that he will be forcibly sterilized if he is returned to China. Assuming that we could entertain this new argument, *see* 8 U.S.C. § 1252(d), we would not find it compelling. The State Department's report does not provide objective support for this asserted fear. In addition, that the argument is raised for the first time before us constitutes an inconsistency with Chen's prior applications and hearings, which is significant in light of the fact that the IJ's decision turned on credibility.

■ Because Chen has failed to fulfill the more forgiving burdens of 8 U.S.C. § 1101(a)(42)(A), it follows that he has failed to meet the requirements for withholding of removal under 8 U.S.C. § 1231(b)(3)(A). *See Chen,* 359 F.3d at 127. It also follows that, having failed to show an objectively reasonable fear of future persecution, Chen has failed to prove that "it is more likely than not that he … would be tortured if removed to [China]," 8 C.F.R. § 208.16(c)(2); and, therefore, he is not eligible for CAT relief.

We have reviewed Chen's remaining arguments on this appeal and find each of them to be without merit. For the foregoing reasons the petition for review is DENIED.

---

**3.** On this petition, Chen argues that the IJ misread the State Department's report in this regard. Specifically, he points out that the Consulate for the Fujian Province "could not exclude the possibility" that "children of couples with an early marriage" might be forcibly aborted. This caveat does not recur in the section of the report that focuses on Chen's home province of Zhejiang, however. Furthermore, whatever fear of this occurrence Chen might once have had, he admits both that his child has since been born, negating a claim of past persecution, and that his former wife has reached the age of majority, mooting a claim of future persecution.